UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


REYNA ALLEN,

                Plaintiff,                          Civil Action No.
                                                  10-CV-12043

vs.

                                                HON. MARK A. GOLDSMITH

SUN LIFE FINANCIAL ASSURANCE CO.,

                Defendant.
_____/


**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS [DE #8] AND DENYING AS MOOT
DEFENDANT'S MOTION TO STRIKE [DE #9]**

        This is a purported class action case filed under the Employee Retirement Income

Security Act (ERISA), 29 U.S.C. § 1001, et seq.  Plaintiff Reyna Allen is an insured of

Defendant Sun Life Financial Assurance Co., covered under a disability benefits insurance

policy, whose claim for disability benefits was denied by Defendant.  Plaintiff, on behalf of

herself and those similarly-situated, contends that she was denied a full and fair review of her

claim because, among possible other reasons, Defendant frequently relies upon the policy

language, "[p]roof of loss must be satisfactory to Sun Life" – also known as a "discretionary

proof clause" – in denying claims for benefits.  According to Plaintiff, this language violates

Michigan law, rendering the administrative claims review process undertaken by Defendant

defective and violative of ERISA.

        Now before the Court are Defendant's motion to dismiss the case pursuant to Federal

Rule of Civil Procedure 12(b)(6) and its motion to strike certain portions of the Complaint.

The matters are fully briefed and the Court heard oral argument on March 10, 2011.  Finding

Plaintiff's Complaint to be vague and insufficient under prevailing pleading requirements to

state a claim upon which relief may be granted, the Court will grant Defendant's motion to

dismiss, but will afford Plaintiff an opportunity to file an amended complaint within 21 days of today's date.  The Court will deny as moot Defendant's motion to strike.

## DEFENDANT'S MOTION TO DISMISS

The legal standard governing motions to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) has recently been summarized by the Sixth Circuit:

> Courts must construe the complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief.  However, the plaintiff must provide the grounds for its entitlement to relief and that requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.  A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  A plaintiff falls short if she pleads facts merely consistent with a defendant's liability or if the alleged facts do not permit the court to infer more than the mere possibility of misconduct.

Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010) (citing, among other cases, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-1950 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks, citations, and brackets omitted).

The Complaint contains three counts:

- Count I: Action to Recover Full Disability Benefits, 29 U.S.C. § 1132(a)(1)(B)

- Count II: Action for Equitable Relief, 29 U.S.C. § 1132(a)(3)

- Count III: Breach of Fiduciary Duty, 29 U.S.C. § 1132(a)(2)

Count I is brought under 29 U.S.C. § 1132(a)(1)(B), which authorizes a plan participant to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Count II is brought under 29 U.S.C. § 1132(a)(3), which authorizes a plan participant to bring an action

> (A) to enjoin any act or practice which violates [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan.

Count III is brought under 29 U.S.C. § 1132(a)(2), which authorizes the filing of a civil action against plan fiduciaries for breach of fiduciary duty under § 1109.  Section 1109, in turn, provides, in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

Central to all of the counts is Plaintiff's allegation that the administrative claims review process undertaken by Defendant is flawed such that she, and those similarly-situated, have been – and will continue to be – denied the full and fair review to which they are entitled under ERISA.  See 29 U.S.C. § 1133.  However, Plaintiff does not specify the exact basis underlying her allegation.  On the one hand, there are a few allegations interspersed in the Complaint that vaguely attack Defendant's claims processing policy and may be sufficient under Iqbal to state a garden variety cause of action under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due under the terms of an employee benefit plan claim.  For example, Plaintiff alleges:

> 70. Defendant Sun Life has orchestrated a company-wide policy to unduly hamper the processing of claims in violation of its fiduciary obligations and those regulations promulgated by the State of Michigan.  Specifically, Sun Life:
>
> a. Uses a host of improper procedural denials initially to deny these claims such as holding participants to higher standard for a proof of loss than Michigan requires;
>
> b. Deliberately providing false and misleading information to participants in its denials;
>
> c. Routinely provides incorrect and invalid reasons for denying claims often as its "final and binding determination" and after the participants have rebutted the prior reasons for the claims denials;

3

    d.  Forces participants to submit a written appeal and prove a greater loss than Michigan insurance law requires; and

    e.  Eliminates from consideration any favorable medical evidence rebutting the company's self-serving and self-generated opinions that the participant is not disabled.

\* \* \* \*

91.  Defendant has also wrongfully denied coverage on other baseless grounds, including intentionally misconstruing the terms of the Plans.

Compl. ¶¶ 70, 91.

However, the clear brunt and overriding substance of the Complaint takes issue with the existence of – and reliance on – the "discretionary proof clause" in the policy, which states: "Proof of loss must be satisfactory to Sun Life."[1]  Plaintiff argues that the clause violates a Michigan law prohibiting "discretionary clauses," which are defined as "provision[s] . . . that purport[] to bind the claimant to or grant deference in subsequent proceedings to the insurer's decision, denial, or interpretation on terms, coverage, or eligibility for benefits."  Mich. Admin. Code R. 500.2201(c) and 500.2202(b).  However, even if the "discretionary proof clause" found in the policy violates Michigan's anti-

---

[1] "Discretionary proof clauses," like the one found in Plaintiff's policy, have received varied treatment by the courts.  Some courts, such as the Second Circuit, have held that "discretionary proof clauses" serve only the purpose of allowing the insurance company to determine, in the first instance, whether the proof submitted by a claimant is sufficient to require payment of benefits.  See Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 251-252 (2d Cir. 1999).  Other courts, such as the Sixth Circuit, have held that they also serve to trigger a deferential standard of judicial review.  See Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 380 (6th Cir. 1996).  Because of the potential for abuse, Michigan has prohibited insurers from issuing policies with such clauses.  See Mich. Admin. Code R. 500.2201(c) and 500.2202(b).  Notably, Michigan's anti-discretionary clause law is not preempted by ERISA.  See Am. Council of Life Insurers v. Ross, 558 F.3d 600 (6th Cir. 2009).  In the present case, the Michigan Office of Financial and Insurance Regulation has opined that the "discretionary proof clause" found in the policy violates Michigan law, see docket entry 40 (amicus curiae brief), a point that is contested by Defendant.  However, given the Court's dismissal of the Complaint, the meaning, applicability, and validity of Defendant's "discretionary proof clause" need not be addressed at this time.

discretionary clause provision – an issue that need not be resolved by the Court at this time – Plaintiff has not explained in the Complaint, as it is currently pled, how she has been harmed by the mere inclusion of the clause in the policy.   Plaintiff alleges that Defendant's utilization of the "discretionary proof clause" in denying her claim for benefits caused her harm because the clause requires her to satisfy a "higher level of proof than is required by Michigan Insurance law."   However, Plaintiff does not explain what she means by "a higher level of proof," or how the mere presence of the clause raises her burden of proof.   Further, to the extent Plaintiff is alleging that Defendant is improperly using the clause in the claims process, Plaintiff has failed to allege with sufficient specificity how the clause is being improperly utilized.

Plaintiff's theory as to precisely how the mere presence or actual utilization of the "discretionary proof clause" infect the claims process is not explained with sufficient clarity for the Court to conclude that Plaintiff has stated a plausible claim for relief under Iqbal. Accordingly, the Court will grant Defendant's motion to dismiss as to Count I of the Complaint.   However, the Court will afford Plaintiff an opportunity to file an amended complaint within 21 days of today's date, in which she explains precisely how the claims process is allegedly unfair and, in particular, how Defendant's reliance on the "discretionary proof clause" supports this conclusion.

As noted, the Complaint contains two additional counts: Count II for equitable relief and Count III for breach of fiduciary duty.   These additional counts are intertwined with Count I inasmuch as they both seek relief based on Plaintiff's allegation that the claims process utilized by Defendant is defective.   Because the viability of Counts II and III depends on Plaintiff's ability to show that the claims process is defective, and because this contention is insufficiently pled, dismissal of Counts II and II is warranted, as well.   The dismissal,

however, is without prejudice to Plaintiff's ability to file an amended complaint in which she clarifies her allegations.

### DEFENDANT'S MOTION TO STRIKE

Defendant has filed a motion to strike certain portions of the Complaint pursuant to Federal Rule of Civil Procedure 12(f).  Defendant argues that the allegations contained in the Complaint at paragraphs 20-28 and 38-49 are immaterial and impertinent.  Because the Court has afforded Plaintiff an opportunity to file an amended complaint within 21 days of today's date, the Court will deny the motion to strike as moot without prejudice to Defendant's ability to file another motion to strike directed at any amended complaint.[2]

### CONCLUSION

For the reasons stated above, Defendant's motion to dismiss [DE #8] is granted without prejudice to Plaintiff's ability to file an amended complaint within 21 days of today's date.  Should Plaintiff fail to file a timely amended complaint, this action will be dismissed with prejudice.

Defendant's motion to strike [DE #9] is denied as moot.

SO ORDERED.

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

Dated:  March 30, 2011

---

[2] Although the Court declines to rule on the motion to strike, it notes that Federal Rule of Civil Procedure 8(a) requires that pleadings contain "a short and plain statement of the claim."

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2011.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

7